UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SYBIL GYENGO,**

    **Plaintiff,**                                                                     Case No.:

v.

**STANTEC CONSULTING SERVICES INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, SYBIL GYENGO ("Plaintiff" or "Gyengo"), by and through her undersigned counsel, and sues Defendant, STANTEC CONSULTING SERVICES INC. ("Defendant" or "Stantec"), and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff resides in Hillsborough County, Florida.

4. Defendant is a Florida for profit corporation authorized and doing business in Hillsborough County, Florida.

5. Plaintiff was an employee of Defendant and Defendant was an employer of Plaintiff pursuant to Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

6. At all times material herein, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

7. At all times material herein, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

8. At all times material herein, Defendant was and is an employer as defined by the laws under which this action is brought and employs the requisite number of individuals.

9. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

10. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

11. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on July 10, 2019.

12. On October 3, 2019, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. This Complaint has been filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

13. Plaintiff intends to amend her Complaint to include a claim pursuant to Chapter 760, *Florida Statutes*, once one-hundred and eighty (180) days have passed since the filing of the aforementioned Charge.

## FACTUAL ALLEGATIONS

14. On or about November 29, 2018, Plaintiff began her employment with Defendant as a Permitting Specialist – Environmental Specialist.

15. Throughout Plaintiff's employment with Defendant, she had an unblemished personnel file.

16. On or about April 30, 2019, Plaintiff disclosed her pregnancy to her Supervisor, Raymond Dennis, and Human Resources Representative, Anita Matchett.

17. Approximately, a week after Plaintiff informed Mr. Dennis of her pregnancy, he began limiting his direct interactions with Plaintiff. He also refused to delegate available work, in areas of her expertise, to her, and instead instructed her to refine her work on permit modifications to a fixed fee project for which she had concerns were out of scope.

18. In fact, Mr. Dennis directed Plaintiff to draft letters on another company's letterhead which was not a client of Defendant.

19. On or about June 17, 2019, Plaintiff was terminated without warning or reprimand.

## COUNT I
## PREGNANCY DISCRIMINATION ACT

20. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 – 19.

21. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964.

22. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy in violation of Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act by terminating Plaintiff from her employment.

23. Defendant knew, or should have known of the discrimination.

24. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff, SYBIL GYENGO, respectfully requests that judgment be entered in her favor against Defendant, STANTEC CONSULTING SERVICES INC., as follows:

   a. Back pay and benefits;

   b. Prejudgment interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotion pain and suffering;

   e. Punitive damages;

   f. Injunctive relief;

   g. Attorneys' fees and costs; and

   h. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

25. Plaintiff requests a jury trial on all issues so triable.

Dated this 31st day of October, 2019.

**FLORIN GRAY BOUZAS OWENS, LLC**

/s/ Wolfgang M. Florin
**WOLFGANG M. FLORIN, ESQ.**
Florida Bar No.: 907804
Primary:      wolfgang@fgbolaw.com
Secondary:  daniela@fgbolaw.com
**CHRISTOPHER D. GRAY, ESQ.**
Florida Bar No.: 902004
Primary:      chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
Telephone No.: (727) 254-5255
Facsimile No.: (727) 483-7942
*Trial Attorneys for Plaintiff*